UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FAIRVIEW TASMAN LLC,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>STACY YOUNG,<br><br>　　　　Defendant. | Case No. 15-CV-05493-LHK<br><br>**ORDER REMANDING CASE TO STATE COURT** |

Before the Court is the Report and Recommendation of Magistrate Judge Howard Lloyd to remand the instant case to the Santa Clara County Superior Court. ECF No. 4. Having considered the Report and Recommendation, the relevant law, and the record in this case, the Court REMANDS the case to the Santa Clara County Superior Court.

**I.  BACKGROUND**

Plaintiff Fairview Tasman LLC filed an unlawful detainer action for nonpayment of rent against Defendant Stacy Young in Santa Clara County Superior Court. ECF No. 1, at 10-11 ("Complaint"). On December 1, 2015, Defendant filed a notice of removal in an attempt to remove the case from the Santa Clara County Superior Court to this Court. ECF No. 1, at 1-8 ("Notice of Removal"). Defendant also filed a motion for leave to proceed *in forma pauperis*.

ECF No. 2. On December 4, 2015, Judge Lloyd recommended granting Defendant *in forma pauperis* status and remanding the instant case to state court. ECF No. 4. Because Defendant did not consent to magistrate jurisdiction, the case was transferred to the undersigned judge. On December 29, 2015, Plaintiff filed a notice of non-opposition to Judge Lloyd's Report and Recommendation. ECF No. 8. The deadline for Defendant to file objections to the Report and Recommendation has now passed, and Defendant filed no objections.

## II.  LEGAL STANDARD

A defendant may remove an action to federal court if the federal court would have original subject matter jurisdiction over the complaint. 28 U.S.C. § 1441. Federal courts have original jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case "arises under" federal law when the plaintiff pleads a federal cause of action, and when a state cause of action "discloses a contested and substantial federal question." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312-13, 315 (2005) (finding federal jurisdiction when the meaning of a federal statute was an essential element of the state law claim and actually in dispute). Defenses or counterclaims based on federal law do not create federal subject matter jurisdiction. *Vaden v. Discover Bank*, 129 S. Ct. 1262, 1272 (2009). Original federal jurisdiction also exists in diversity suits—cases where the amount in controversy exceeds $75,000 and the opposing parties are citizens of different states. 28 U.S.C. § 1332.

Every federal court has an independent obligation to examine its own jurisdiction. *Hernandez v. Campbell*, 204 F.3d 861, 865 (9th Cir. 2000). In the case of a removed action, if it appears at any time before final judgment that the court lacks subject matter jurisdiction, the court must remand the action to state court. 28 U.S.C. § 1447(c). "The removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009).

## III.  DISCUSSION

Plaintiff's state court complaint asserts a cause of action for unlawful detainer under California state law. *See* Complaint; *see also Wells Fargo Bank v. Lapeen*, No. C 11-01932 LB, 2011 WL

2

Case No. 15-CV-05493-LHK
ORDER REMANDING CASE TO STATE COURT

2194117, at *3 (N.D. Cal. June 6, 2011) (noting that claim for unlawful detainer is, on its face, purely a creation of California law).  In the Notice of Removal, Defendant contends that Plaintiff's claim nevertheless "arises under" federal law because the claim is predicated upon the Protecting Tenants at Foreclosure Act of 2009 ("PTFA"), 12 U.S.C. § 5220 note, which protects tenants from eviction in the case of foreclosure on a federally related mortgage loan.  Specifically, Defendant argues that Plaintiff's unlawful detainer claim is preempted by a cause of action for ejectment implied under the PTFA.  *See* Notice of Removal at 4.  According to Defendant, the Court has federal question subject matter jurisdiction because Plaintiff artfully avoided pleading the PTFA cause of action that is essential to Plaintiff's claim.  *Id.* at 5.

The presence or absence of federal question jurisdiction is generally governed by the well-pleaded complaint rule, which provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).  The artful pleading doctrine provides a narrow corollary to this rule.  Under the artful pleading doctrine, a plaintiff may not avoid federal jurisdiction by "omitting from the complaint allegations of federal law that are essential to the establishment of his claim."  *Lippitt v. Raymond James Fin. Servs., Inc.*, 340 F.3d 1033, 1041 (9th Cir. 2003).  The artful pleading doctrine permits courts to "delve beyond the face of the state court complaint" and find federal question jurisdiction by recharacterizing a state-law claim as a federal claim.  *Id.*  The Ninth Circuit has cautioned, however, that courts should invoke the artful pleading doctrine "only in limited circumstances."  *Id.*  Accordingly, the artful pleading doctrine is limited to cases: "(1) where federal law completely preempts state law; (2) where the claim is necessarily federal in character; or (3) the right to relief depends on the resolution of a substantial, disputed federal question."  *ARCO Envtl. Remediation, L.L.C. v. Dep't of Health & Envtl. Quality*, 213 F.3d 1108, 1114 (9th Cir. 2000) (internal citations omitted).  Additionally, the "mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction."  *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 813 (1986).

For three reasons, the Court concludes that the artful pleading doctrine does not confer

federal jurisdiction in the instant case.  First, the PTFA expired on December 31, 2014.  *See* Dodd-Frank Wall Street Reform and Consumer Protection Act, Pub. L. No. 111-203, 124 Stat. 1376, 2204 (2010) (setting date of expiration).  Defendant provides no argument as to why the PTFA still applies to the instant action.  Notice to pay rent or quit was given to Defendant on October 5, 2015, and this action was removed December 1, 2015—all after the expiration of the PTFA.  *See* Complaint.  If the PTFA does not apply, Plaintiff's state law claim cannot be preempted, necessarily federal in character, or dependent on the resolution of a substantial, disputed federal question.  *See ARCO Envtl. Remediation, L.L.C.*, 213 F.3d at 1114.

Second, the PTFA does not create a private right of action for ejectment.  Defendant does not dispute that the PTFA lacks an express private right of action.  *See* Notice of Removal at 5; *see also Logan v. U.S. Bank Nat'l Ass'n*, 722 F.3d 1163, 1170 (9th Cir. 2013) (finding no explicit right of action in the PTFA).  Additionally, the Ninth Circuit has held that there is no private right of action implied in the PTFA in favor of tenants.  *Logan*, 722 F.3d at 1171-73.  The Ninth Circuit's reasoning applies equally here, to an implied right of action in favor of landlords.  As the Ninth Circuit held, "[n]othing in the language and structure of [the PTFA] reflects a clear and unambiguous intent to create a private right of action." *Id.* at 1171.  Further, the plaintiff in this case—the evicting landlord—is not in a "class for whose especial benefit the statute was enacted." *See id.* (discussing the factors for determining the existence of a private right of action laid out by the Supreme Court in *Cort v. Ash*, 422 U.S. 66 (1975)).  As Defendant acknowledges, the PTFA was created to provide certain protections to tenants, not landlords.  *See* Notice of Removal at 5-6.  Accordingly, the PTFA does not create a federal right of action that preempts Plaintiff's unlawful detainer claim.  *See Wells Fargo Bank*, 2011 WL 2194117, at *4-5 (concluding that the PTFA does not create a federal claim allowing for evictions).

Third, the PTFA is not an essential element of Plaintiff's claim, and a state court considering Plaintiff's claim will not necessarily need to determine whether Plaintiff violated the PTFA.  Rather, the state court will ask whether Plaintiff has adequately pled and proven the elements of state-law unlawful detainer.  Such analysis will not require the state court to resolve substantial questions of

4

federal law. *See id.* (remanding similar California unlawful detainer claim and rejecting argument that complaint included artfully pled federal claim). While Defendant may invoke the PTFA as a defense to an unlawful detainer action, *see, e.g.*, *Mik v. Fed. Home Loan Mortg. Corp.*, 743 F.3d 149, 165 (6th Cir. 2014), defenses based on federal law do not confer federal question jurisdiction, *Vaden*, 129 S. Ct. at 1272.

Based on the above reasons, the Court concludes that Plaintiff's state law unlawful detainer claim does not "arise under" federal law, and, consequently, no federal question jurisdiction exists. Defendant does not invoke the Court's diversity jurisdiction, and the record indicates that the requirements for diversity jurisdiction are not met. *See* Complaint at 1 (amount demanded is less than $10,000). The Court therefore concludes that the Court lacks subject matter jurisdiction over this case, and REMANDS the instant action to the Santa Clara County Superior Court.[1]

**IT IS SO ORDERED.**

Dated: January 18, 2016

_____
LUCY H. KOH
United States District Judge

---

[1] In determining that there is no basis for federal jurisdiction in the instant action, the Court need not address Defendant's application for leave to proceed *in forma pauperis*.

5
Case No. 15-CV-05493-LHK
ORDER REMANDING CASE TO STATE COURT